UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROLAND STEADMAN,
  Plaintiff,

               Case No. 1:05-cv-814

vs.

               Spiegel, J.
               Black, M.J.

MICHAEL DALTON
  Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION TO REMAND BE GRANTED; AND (2) THIS MATTER BE REMANDED TO HAMILTON COUNTY MUNICIPAL COURT**

On November 28, 2005, Plaintiffs filed an eviction action against Defendants in Hamilton County Municipal Court. No monetary or other issues were included in the complaint. Thereafter, on December 15, 2005, Defendant, acting *pro se*, removed the action to this Court, seeking civil remedies under various federal statutes. (Doc. 1.) Plaintiff now moves for a remand to state court pursuant to 28 U.S.C. §1447(c), asserting that this case involves the right to possession of real estate, and that removal was improper. (*See* Doc. 6) The motion is unopposed. For the reasons that follow, the undersigned agrees that this matter should be remanded to Hamilton County Municipal Court.

Defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims asserted by them. *Renaissance Center Venture v. Lozovoj*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

884 F.Supp. 1132, 1137 (E.D.Mich. 1995); *Dixie Elec. Co-op. v. Citizens of Alabama*, 789 F.2d 852 (11th Cir.1986).  Thus, federal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)*; see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction."); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, n. 9 (1983) (Court declined to adopt proposals that "the answer as well as the complaint ⋯ be consulted before a determination [is] made whether the case 'ar[ises] under' federal law ⋯ .")

      Here, Plaintiff's complaint does not present a federal question, and, therefore, this Court lacks jurisdiction over this action.  Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion to remand (doc. 6) be **GRANTED**; and that this case be **REMANDED** to the Hamilton County Municipal Court.[2]

Date: April 3, 2006                                            s/ Timothy S. Black
                                                                                         Timothy S. Black
                                                                                         United States Magistrate Judge

---

[2]  Additionally, because the undersigned finds that this Court lacks jurisdiction over this matter, Defendant's motion for default judgment (doc. 5) should be **DISMISSED** without prejudice.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROLAND STEADMAN,
    Plaintiff,

vs.

                                              Case No. 1:05-cv-814

                                              Spiegel, J.
                                              Black, M.J.

MICHAEL DALTON
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).