UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROLAND STEADMAN, :
: NO. 1:05-CV-00814
    Plaintiff, :
: **OPINION AND ORDER**
:
  v. :
:
:
MICHAEL DALTON, :
:
    Defendant. :

      This matter is before the Court on the assigned Magistrate Judge's Report and Recommendation(doc. 9) and Defendant's Objections thereto (doc. 12).

      Plaintiff Ronald Steadmam (hereinafter "Steadman"), filed an eviction action against Defendant Michael Dalton (hereinafter "Dalton"), in Hamilton County Municipal Court on November 28, 2005 (doc. 2). Dalton, acting pro se, raised several affirmative defenses in his answer, including The Residential Lead-Based Hazard Reduction Act of 1992 (hereinafter "the Act")(doc. 4). Dalton subsequently filed a counterclaim, seeking damages for failure to comply with the Act (doc. 5). Dalton then removed the action to this Court, seeking civil remedies under various federal statutes as stated in his answer (doc. 4) and counterclaim (doc. 5). Before the Magistrate Judge was Steadman's Motion to Remand (doc. 8).

      The Magistrate Judge recommends that the Motion to Remand be granted (doc. 9). In support, he aptly notes that Defendant may only

remove on the basis of claims brought against him and not on resulting counterclaims. Renaissance Center Venture v. Lozovoj, 884 F.Supp 1132, 1137 (E.D. Mich. 1995). Additionally, federal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Furthermore, a counterclaim which appears in a defendant's answer and not in a plaintiff's complaint may not serve as the basis for federal jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation System, Inc., 535 U.S. 826 (2002). As such, the Motion to Remand should be granted because Steadman's complaint does not present a federal question and this Court lacks jurisdiction (doc. 9).

In response, Dalton argues in support of federal questions raised in his answer and counterclaim, but fails to address the appropriateness of the Court's jurisdiction in the present case (doc. 12). Dalton correctly notes that federal jurisdiction is appropriate when jurisdiction is founded on a claim or right arising under the Constitution (Id.). He continues by questioning the validity of the law regarding violations of the Act (Id.). Additionally, Dalton asserts the right to seek civil remedies for violation of federal statutes and Due Process and Equal Protection as provided by the Constitution (Id.). Finally, Dalton attempts to overcome the Motion for Remand because Plaintiff has failed to make an appearance in this matter (Id.).

While Dalton is correct in asserting his right to Due Process, he fails to establish the Court's jurisdiction in this case. Dalton

fails to recognize that the claim or right arising under the Constitution that invokes federal jurisdiction must be in a well-pleaded complaint (doc. 9).  The "well-pleaded complaint" rule does not allow a counterclaim to serve as the basis for federal question jurisdiction. Holmes, at 831.  Additionally, if the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable.  Peters v. Lincoln Elec. Co., 285 F.3d 456, 468 (6th Cir. 2002).

In this case, the initial complaint only involved a claimed right to possession of real estate (doc. 9).  There was no federal question presented on the face of the complaint (Id.).  Therefore, removal was improper.  Dalton properly raised several affirmative defenses and counterclaims that rely on resolution of a federal question (Id.).  However, these may not serve as the basis for federal jurisdiction. Holmes, at 831.  Raising a federal question can serve as basis for removal if disclosed in a complaint.  But, not if raised in a responsive pleading or counterclaim.  Holmes, at 831.  Since there were no federal questions raised in the complaint, exercise of federal jurisdiction is inappropriate.

The Court finds that the Magistrate Judge's Report and Recommendation is well reasoned and thorough.  Consequently, the Magistrate Judge's Report and Recommendation (doc. 9) is hereby ADOPTED IN ITS ENTIRETY.  In doing so, Dalton's Motion to Remand (doc. 8) is GRANTED and Steadman's Motion for Default Judgment (doc. 5) is DISMISSED

without prejudice.  This case is remanded to state court.


    SO ORDERED.


Dated: June 8, 2006                    <u>s/S. Arthur Spiegel</u>
                                          S. Arthur Spiegel
                                          United States Senior District Judge